UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATHIEW LOISEL,<br>Individually and on behalf of a class<br>of similarly situated persons,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT CLINTON,<br><br>RICHARD LIBERTY,<br><br>WELLPATH, LLC,<br><br>MAINE DEPARTMENT OF<br>CORRECTIONS,<br><br>RANDALL LIBERTY,<br>Commissioner of Maine Department<br>of Corrections,<br><br>And<br><br>MATTHEW MAGNUSSON,<br>Warden of Maine State Prison,<br><br>     Defendants. | Civil No. 1:19-CV-00081-NT |

### DEFENDANTS ROBERT CLINTON, RICHARD LIBERTY, AND WELLPATH LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now come the Defendants, Robert Clinton, MD, Richard Liberty, NP, and Wellpath, LLC, by and through undersigned counsel, Thompson Bowie & Hatch, LLC, and answer the Plaintiff's amended complaint as follows:

Defendants Robert Clinton, MD., Richard Liberty, NP, and Wellpath, LLC (hereinafter "Wellpath Defendants"), deny the introductory statement contained in

Plaintiff's amended complaint to the extent it is deemed to assert any statements of fact against them. Specifically, the Wellpath Defendants deny that they engage in a practice of withholding curative treatment to inmates.

## Introduction[1]

1. The Wellpath Defendants admit that Plaintiff Loisel is an inmate in the custody of the Department of Corrections who has been diagnosed with chronic HCV. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations regarding the class of persons Plaintiff seeks to represent and therefore deny those allegations. The Wellpath Defendants deny that HCV is highly communicable as the Hepatitis C virus is a bloodborne virus, and is not spread by casual contact. Further, the Wellpath Defendants deny that Plaintiff's characterization of the progression as to all patients with chronic HCV.

2. Paragraph 2 of the Plaintiff's amended complaint in part states a legal conclusion that requires no response. To the extent that it is deemed to state an allegation of fact against the Wellpath Defendants, those allegations are denied. The Wellpath Defendants deny that a course of DAAs has few side effects and state that the long term effectiveness of a course of DAA's depends on a variety of factors, including any high risk behaviors on the part of the patient.

---

[1] The Wellpath Defendants have repeated the Plaintiff's headings solely for ease of the Court's reference, and such use of these headings does not connote an admission of any fact alleged or implied by those headings. If the section headings are intended to serve as an allegation of fact, any such allegation is denied.

3. The Wellpath Defendants deny that Wellpath, LLC routinely and systematically fails to provide adequate medical care to incarcerated individuals in Maine. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 3 of the amended complaint and, therefore, deny those allegations.

4. The Wellpath Defendants deny the allegations set forth in Paragraph 4 of the Plaintiff's amended complaint.

5. The Wellpath Defendants deny the allegations set forth in Paragraph 5 of the Plaintiff's amended complaint.

6. The Wellpath Defendants deny the allegations set forth in Paragraph 6 of the Plaintiff's amended complaint.

7. Paragraph 7 of the Plaintiff's amended complaint states no allegations against the Wellpath Defendants and requires no response. To the extent Paragraph 7 is deemed to include allegations of fact against the Wellpath Defendants, those allegations are denied.

## Parties

8. The Wellpath Defendants admit that Plaintiff Loisel has been incarcerated at the MSP in Warren, Maine since 2012 and is in the legal custody of the Department of Corrections. Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 8 of the amended complaint and, therefore, deny those allegations.

9. The Wellpath Defendants admit that Wellpath, LLC is a Delaware limited liability company formerly known as Correct Care Solutions, LLC with a principal place of business in Nashville, Tennessee. Wellpath Defendants admit that Wellpath, LLC has a regional office in Maine and contracts with the Department of Corrections to provide medical care to prisoners at the MSP and other Maine correctional facilities. Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 9 of the amended complaint and, therefore, deny those allegations.

10. The Wellpath Defendants admit that Robert Clinton, M.D. presently serves as the site Medical Director for Wellpath at the Maine State Prison.

11. The Wellpath Defendants admit the allegations set forth in Paragraph 11 of the amended complaint.

12. The Wellpath Defendants admit that at all times relevant to the matters set forth in the Complaint Dr. Clinton and NP Richard Liberty were acting as employees for Wellpath. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 12 of the amended complaint and, therefore, deny those allegations.

13. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 13 of the amended complaint and, therefore, deny those allegations.

14. The Wellpath Defendants admit that Randall Liberty is the Commissioner of the DOC. The remaining statements contained in Paragraph 14 of

the amended complaint set forth legal conclusions and, therefore, require no response. To the extent that these statements are deemed allegations of fact, those allegations are denied.

15. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 15 of the amended complaint and, therefore, deny those allegations.

16. The Wellpath Defendants admit that Matthew Magnusson serves as the Warden for the MSP. The remaining statements contained in Paragraph 16 of the amended complaint set forth legal conclusions and, therefore, require no response. To the extent that these statements are deemed allegations of fact, those allegations are denied.

17. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 17 of the amended complaint and, therefore, deny those allegations.

18. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 18 of the amended complaint and, therefore, deny those allegations.

### Jurisidiction

19. Paragraph 19 of the amended Complaint states a conclusion of law and requires no response. To the extent it is deemed to include allegations of fact, those allegations are denied.

20. Paragraph 20 of the amended Complaint states a conclusion of law and requires no response. To the extent it is deemed to include allegations of fact, those allegations are denied.

21. The Wellpath Defendants do not contest the jurisdiction of this Court over this matter.

22. The Wellpath Defendants do not contest venue. To the extent Paragraph 22 is deemed to include allegations of fact, those allegations are denied.

23. The Wellpath Defendants deny the allegations set forth in Paragraph 23 of the amended complaint.

## Allegations of Fact

A. <u>Chronic HCV</u>

24. The Wellpath Defendants admit that HCV is a blood borne infectious disease which is transmitted through exposure to infected blood and can be transmitted by, among other things, piercing, tattooing, injectable drug use, and sexual intercourse. With respect to the statements of the CDC, Wellpath Defendants state that the factsheet referenced by Plaintiff speaks for itself.

25. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 25 of the amended complaint and, therefore, deny those allegations.

26. The Wellpath Defendants state that the statistics on the percentage of individuals who will go on to develop chronic HCV vary. The Wellpath Defendants

admit that chronic HCV is characterized as a Hepatitis C infection that lasts longer than six months.

27.     The Wellpath Defendants admit that chronic HCV may impact the liver but that it does not do so for the majority of patients. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 27 of the amended complaint and, therefore, deny those allegations.

28.     The Wellpath Defendants admit that there is no way to predict whether newly infected patients will develop chronic HCV or if they will develop any liver disease.

29.     The Wellpath Defendants admit that the most severe form of scarring of the liver is called cirrhosis but deny the implications set forth in the remaining allegations set forth in Paragraph 29 of the amended complaint that chronic HCV commonly results in fibrosis.

30.     The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 30 of the amended complaint and, therefore, deny those allegations.

31.     The Wellpath Defendants admit the allegations set forth in Paragraph 31 of the amended complaint.

32.     The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 32 of the amended complaint and, therefore, deny those allegations.

33. The Wellpath Defendants deny the allegations set forth in Paragraph 33 of the amended complaint.

34. The Wellpath Defendants deny the allegations set forth in Paragraph 34 of the amended complaint.

B. <u>HCV in Prisons</u>

35. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 35 of the amended complaint and, therefore, deny those allegations.

36. The Wellpath Defendants admit that the incarcerated population is reported to have a higher incidence of HCV infection than the general population. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations contained in Paragraph 36 of the amended complaint and, therefore, deny those allegations.

37. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 37 of the amended complaint and, therefore, deny those allegations.

38. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 38 of the amended complaint and, therefore, deny those allegations.

39. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 39 of the amended complaint and, therefore, deny those allegations.

40. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 40 of the amended complaint and, therefore, deny those allegations.

    C.    <u>Appropriate Treatment of HCV</u>

41. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 41 of the amended complaint and, therefore, deny those allegations.

42. The Wellpath Defendants admit that DAAs are antiviral medications that act directly on some part of the virus, usually the replication mechanism. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 42 of the amended complaint and, therefore, deny those allegations.

43. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 43 of the amended complaint and, therefore, deny those allegations.

44. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 44 of the amended complaint and, therefore, deny those allegations.

45. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 45 of the amended complaint and, therefore, deny those allegations.

46. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 46 of the amended complaint and, therefore, deny those allegations.

D. <u>Defendants' Treatment Policy</u>

47. The Wellpath Defendants deny the allegations set forth in Paragraph 47 of the amended complaint.

48. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 48 of the amended complaint and, therefore, deny those allegations.

49. The Wellpath Defendants admit that several hundred prisoners in DOC custody have been diagnosed with chronic HCV, but deny the remaining allegations set forth in Paragraph 49 of the amended complaint.

50. The Wellpath Defendants deny the allegations set forth in Paragraph 50 of the amended complaint.

51. The Wellpath Defendants deny the allegations set forth in Paragraph 51 of the amended complaint.

52. The Wellpath Defendants deny the allegations set forth in Paragraph 52 of the amended complaint.

53. The Wellpath Defendants deny the allegations set forth in Paragraph 53 of the amended complaint.

54. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 54 of the amended complaint and, therefore, deny those allegations.

55. The Wellpath Defendants deny the allegations set forth in Paragraph 55 of the amended complaint.

56. The Wellpath Defendants deny the allegations set forth in Paragraph 56 of the amended complaint.

57. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 57 of the amended complaint and, therefore, deny those allegations.

E.   The Course and Treatment of Loisel's Chronic HCV

58. The Wellpath Defendants admit that lab tests performed on Mr. Loisel's blood sample in early April of 2014 were positive for Hepatitis C. These results were shared with Mr. Loisel.

59. The Wellpath Defendants admit that Plaintiff was diagnosed with chronic HCV in 2014 but deny the remainder of the allegations contained in Paragraph 59 of the amended complaint.

60. The Wellpath Defendants admit that since 2014, they have routinely monitored Plaintiff's chronic HCV and admit that he has not met guidelines for treatment with a DAA regimen.

61. The Wellpath Defendants admit the allegations set forth in Paragraph 61 of the amended complaint.

62. The Wellpath Defendants deny the allegations set forth in Paragraph 62 of the amended complaint and affirmatively state that NP Richard Liberty ordered a test to determine Plaintiff's genotype relative to the Hepatitis C diagnosis, as well as a Hepatitis C Nuclieic Amplification Test and Hepatitis C Viral load. The Wellpath Defendants admit that NP Liberty discussed with Plaintiff his APRI score and its applicability to treatment within the facility.

63. The Wellpath Defendants deny the allegations in Paragraph 63 of the amended complaint.

## Class Action Allegations

64. Paragraph 64 of the Plaintiff's amended complaint states no allegations against the Wellpath Defendants and, therefore, requires no response. To the extent Paragraph 64 is deemed to set forth allegations of fact against the Wellpath Defendants, those allegations are denied.

65. The Wellpath Defendants deny the allegations set forth in Paragraph 65 of the amended complaint.

66. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the allegations set forth in Paragraph 66 of the amended complaint and, therefore, deny those allegations.

67. The Wellpath Defendants deny the allegations set forth in Paragraph 67 of the amended complaint.

68. The Wellpath Defendants deny the allegations set forth in Paragraph 68 of the amended complaint.

69. The Wellpath Defendants deny the allegations set forth in Paragraph 69 of the amended complaint.

70. The Wellpath Defendants deny the allegations set forth in Paragraph 70 of the amended complaint.

71. The Wellpath Defendants deny the allegations set forth in Paragraph 71 of the amended complaint.

### Causes of Action
#### Count I – Eighth and Fourteenth Amendments to the U.S. Constitution via 42 U.S.C. §1983 Brought by Plaintiff on his own behalf and on behalf of the putative class

72. The Wellpath Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1-71 of the amended complaint as if fully set forth herein.

73. The Wellpath Defendants deny the allegations set forth in Paragraph 73 of the amended complaint.

74. The Wellpath Defendants deny the allegations set forth in Paragraph 74 of the amended complaint.

75. The Wellpath Defendants deny the allegations set forth in Paragraph 75 of the amended complaint.

#### Count II- Americans with Disabilities Act, 42 U.S.C. §12131, et seq.

76. The Wellpath Defendants repeat and reassert their responses to the allegations set forth in Paragraphs 1-75 of the amended complaint as if fully set forth herein.

77. The Wellpath LLC affirmatively states that it is not a public entity within the meaning of the Americans with Disabilities Act. Paragraph 77 of the amended complaint states a conclusion of law and requires no further response. To the extent that Paragraph 77 of the amended complaint is deemed to include further allegations of fact against the Wellpath Defendants, those allegations are denied.

78. Wellpath LLC affirmatively states that it is not a public entity or a place of public accommodation within the meaning of the Americans with Disabilities Act. Paragraph 78 of the amended complaint states a conclusion of law and requires no further response. To the extent that Paragraph 78 of the amended complaint is deemed to include further allegations of fact against the Wellpath Defendants, those allegations are denied.

79. Paragraph 79 of the amended complaint states a conclusion of law and requires no further response. Paragraph 79 of the amended complaint states no allegations of fact against the Wellpath Defendants. To the extent that Paragraph 79 of the amended complaint is deemed to include allegations of fact against the Wellpath Defendants, those allegations are denied.

80. Wellpath LLC admits that it has a contract with the Department of Corrections to provide health care to individuals under the custody of the DOC. Defendants Robert Clinton and Richard Liberty do not have a contract with the DOC. The Wellpath Defendants lack sufficient information or knowledge to ascertain the truth of the remaining allegations set forth in Paragraph 80 of the amended complaint and, therefore, deny those allegations.

81. The Wellpath Defendants deny the allegations set forth in Paragraph 81 of the amended complaint.

82. The Wellpath Defendants deny the allegations set forth in Paragraph 82 of the amended complaint.

83. The Wellpath Defendants deny the allegations set forth in Paragraph 83 of the amended complaint.

84. The Wellpath Defendants deny the allegations set forth in Paragraph 84 of the amended complaint.

## Prayer for Relief

The Wellpath Defendants deny that the Plaintiff and the members of the Putative Class are entitled to the relief they seek and request judgment on the Plaintiff's amended complaint, and for such further relief as the Court deems just and proper.

## Demand for Jury Trial

The Wellpath Defendants hereby demand a trial by jury pursuant to F.R. Civ. P. 38(b).

## Affirmative Defenses

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. At all times relevant to the Plaintiff's Complaint, the health care rendered to Plaintiff by the Wellpath Defendants was reasonable, appropriate, and adequate.

3. The Plaintiff's claims are barred by the doctrines of absolute and qualified immunity.

4. The conduct of the Wellpath Defendants violated no clearly established constitutional rights of the Plaintiff.

5. The actions of the Wellpath Defendants were at all times conducted in good faith and without knowledge that any of their conduct violated any clearly established statutory or constitutional rights of the Plaintiff.

6. The alleged conduct of the Wellpath Defendants does not rise to the level of deliberate indifference to Plaintiff's serious medical needs.

7. The conduct of the Wellpath Defendants is privileged under common law and under the Constitution of the United States and State of Maine.

8. The conduct of the Wellpath Defendants was not arbitrary or unreasonable.

9. Plaintiff's claims are barred for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995, codified at 42 U.S.C. § 1997e(a), prior to initiating his present claim, and thus Plaintiff is similarly barred from serving as a class representative.

10. The Plaintiff has failed to mitigate damages and, therefore, the Plaintiff is barred from recovery against the Wellpath Defendants.

11. The Wellpath Defendants did not act with concert of action or plan, or take overt steps to deny Plaintiff his constitutionally protected rights.

12. The Wellpath Defendants were not the moving force behind any claimed injuries to the Plaintiff, and to the extent that the Plaintiff sustained any injuries as

the result of the actions of third parties, the Wellpath Defendants exercised no control over those third parties.

13. Given that each patient's treatment needs are distinct, questions of law or fact common to putative class members do not predominate over questions affecting individual members.

14. Given that each patient's treatment needs are distinct, the claims of the representative Plaintiff are not typical of the claims or defenses of the putative members of the class.

15. Given that each patient's treatment needs are distinct, the representative Plaintiff cannot fairly and adequately protect the interests of the class.

WHEREFORE, the Wellpath Defendants, Robert Clinton, M.D., Richard Liberty, NP and Wellpath, LLC respectfully request that all relief requested by Plaintiff be denied and that the Defendants be awarded Judgment and their costs, reasonable attorneys' fees, and such other relief the Court deems just and appropriate.

Dated at Portland, Maine this 24th day of July, 2019.

*/s/ Robert C. Hatch*
Robert C. Hatch, Esq.

*/s/ Elizabeth K. Peck*
Elizabeth K. Peck, Esq.

*/s/ Benjamin J. Wahrer*
Benjamin J. Wahrer
Attorneys for the Wellpath Defendants

**THOMPSON BOWIE & HATCH LLC**
415 Congress Street, Fifth Floor
P.O. Box 4630
Portland, Maine 04112-4630
207-774-2500
rhatch@thompsonbowie.com
epeck@thompsonbowie.com
bwahrer@thompsonbowie.com

## CERTIFICATE OF SERVICE

I, Robert C. Hatch, hereby certify that on July 24, 2019, I electronically filed the foregoing Answer to Plaintiff's Amended Complaint on behalf of the Defendants Robert Clinton, Richard Liberty and Wellpath LLC with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

/s/ Robert C. Hatch
Robert C. Hatch, Esq.
Attorney for the
Wellpath Defendants


**THOMPSON BOWIE & HATCH LLC**
415 Congress Street, Fifth Floor
P.O. Box 4630
Portland, Maine 04112-4630
207-774-2500
rhatch@thompsonbowie.com