UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATHIEW LOISEL,<br><br>                 Plaintiff<br><br>       v.<br><br>ROBERT CLINTON, M.D., et al.,<br><br>                 Defendants | Case No. 1:19-cv-00081-NT |

**ANSWER OF DEFENDANTS RANDALL LIBERTY,
MATTHEW MAGNUSSON, AND MAINE DEPARTMENT OF
CORRECTIONS TO THE FIRST AMENDED COMPLAINT**

NOW Come Defendants Randall Liberty, Matthew Magnusson, and Maine Department of Corrections, by and through undersigned counsel, and hereby answer Plaintiff's Amended Complaint (Docket # 26) as follows:

Defendants Randall Liberty, Matthew Magnusson, and Maine Department of Corrections (hereinafter "Government Defendants") deny the introductory statement contained in Plaintiff's amended complaint to the extent Plaintiff asserts any statements of fact, including the statement that Defendants engaged in a practice of withholding curative treatment.

**INTRODUCTION[1]**

1. Government Defendants admit that Plaintiff is an inmate in the custody of the Maine Department of Corrections (hereinafter "MDOC") and that Plaintiff has been diagnosed with the Hepatitis C virus ("HCV"). Defendants lack sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 1.

---

[1] The Government Defendants have organized this answer in light of the headings used by Plaintiff in his first amended complaint for ease of reference, but the use of such headings by Government Defendants should not be construed to denote or imply any admission of fact.

1

2. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

3. To the extent that Plaintiff is alleging that MDOC routinely and systematically fails to provide adequate medical care to inmates, Government Defendants deny that allegation. Government Defendants further deny the allegation that Wellpath, LLC, was acting on behalf of the Maine State Prison. Government Defendants otherwise lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

4. Government Defendants deny the allegations in paragraph 4.

5. Government Defendants deny the allegations in paragraph 5.

6. Government Defendants deny the allegations in paragraph 6.

7. This paragraph does not require a response because it does not allege any facts. To the extent a response is required, Government Defendants deny that Plaintiff is entitled to the relief being requested and further deny any allegations in this paragraph.

**PARTIES**

8. Government Defendants admit that Plaintiff was sentenced to 30 years in prison in February 2008, at 22 years old, and that Plaintiff is incarcerated at the Maine State Prison in Warren. Government Defendants further admit that Plaintiff is in the legal custody of MDOC and that MDOC exerts a certain degree of control over Plaintiff as an MDOC inmate. Government Defendants otherwise deny the allegations of this paragraph.

9. Government Defendants admit that Wellpath, LLC, contracts with MDOC to provide medical services to inmates at MDOC facilities, including the Maine State Prison and further admit that Wellpath was formerly known as Correct Care Solutions LLC and has a regional office in

Maine. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

10. Government Defendants admit the allegations in paragraph 10.

11. Government Defendants admit the allegations in paragraph 11.

12. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

13. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

14. Government Defendants admit that Randall Liberty is the Commissioner of MDOC. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required or the allegations are statements of fact, Government Defendants admit that the Commissioner has general supervision, management and control of the research and planning, grounds, buildings, property, officers, employees and clients of any correctional facility, detention facility or correctional program, and that he is sued in his official capacity, and otherwise deny the allegations of this paragraph.

15. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations and therefore deny the allegations.

16. Government Defendants admit that Matthew Magnusson is the Warden of the Maine State Prison and that he is sued in his official capacity. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required or the allegations are statements of fact, Government Defendants admit that the Warden of the Maine State Prison has supervision and control of the inmates, pretrial detainees, employees, grounds, buildings and equipment at the prison, and otherwise deny the allegations of this paragraph.

17. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

18. Government Defendants admit that the MDOC is a Department of the State of Maine and is responsible for the direction and general administrative supervision, guidance and planning of both adult and juvenile correctional facilities and programs within the State.  Government Defendants further admit that MDOC's responsibilities include, among other things, ensuring that those persons in its custody receive adequate medical care.  Government Defendants otherwise deny the allegations of paragraph 18.

## JURISDICTION

19. This paragraph states legal conclusions to which no response is required.  To the extent a response is required or the paragraph contains any allegations that are statements of fact, Government Defendants deny the allegations.

20. This paragraph states legal conclusions to which no response is required.  To the extent a response is required or the paragraph contains any allegations that are statements of fact, Government Defendants deny the allegations.

21. This paragraph states legal conclusions to which no response is required.  To the extent a response is required or the paragraph contains any allegations that are statements of fact, Government Defendants deny the allegations.

22. Government Defendants do not contest venue in this matter.  To the extent Plaintiff alleges a fact in this paragraph, Government Defendants deny the allegations.

23. Government Defendants deny the allegations in paragraph 23.

## FACTS

### A. <u>Chronic HCV</u>

24. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations. With respect to the statement of the Centers for Disease Control and Prevention ("CDC"), the referenced factsheet from the CDC speaks for itself and requires no further response from Government Defendants.

25. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

26. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

27. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

28. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

29. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

30. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

31. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

32. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

33. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

34. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

   **B. HCV in Prisons**

35. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

36. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

37. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations and therefore deny the allegations.

38. Government Defendants deny the allegations in paragraph 38.

39. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

40. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

   **C. Appropriate Treatment of HCV**

41. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

42. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

43. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

44. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

45. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

46. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

### D. **Defendants' Treatment Policy**

47. Government Defendants deny the allegations in paragraph 47.

48. Government Defendants deny that, as of October 31, 2017, MDOC was aware that more than 580 Maine prisoners were infected with chronic HCV.  Government Defendants admit that, as of October 31, 2017, an inmate was treated for chronic HCV who had already started a course of DAAs when he was taken into DOC custody.  Government Defendants otherwise lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

49. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

50. Government Defendants deny the allegations in paragraph 50.

51. Government Defendants deny the allegations in paragraph 51.

52. Government Defendants deny the allegations in paragraph 52.

53. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

54. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

55. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

56. Government Defendants deny the allegations in paragraph 56.

57. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

### E. The Course and Treatment of Loisel's Chronic HCV

58. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

59. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

60. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

61. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

62. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

63. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

## CLASS ACTION ALLEGATIONS

64. This paragraph states legal conclusions to which no response is required. To the extent a response is required or the paragraph contains allegations of fact, Government Defendants deny the allegations.

65. Government Defendants deny the allegations in paragraph 65.

66. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

67. Government Defendants deny the allegations in paragraph 67.

68. Government Defendants deny the allegations in paragraph 68.

69. Government Defendants deny the allegations in paragraph 69.

70. Government Defendants deny the allegations in paragraph 70.

71. Government Defendants deny the allegations in paragraph 71.

## CAUSES OF ACTION
### Count I — Eighth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983
*Brought by Plaintiff on his own behalf and on behalf of the putative class*

72. Government Defendants repeat and reassert their responses to the allegations in paragraphs 1 to 71 as if fully set forth herein.

73. Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

74. Government Defendants deny the allegations in paragraph 74.

75. Government Defendants deny the allegations in paragraph 75.

### Count II— Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.
*Brought by Plaintiff on his own behalf and on behalf of the putative class*

76. Government Defendants repeat and reassert their responses to the allegations in paragraphs 1 to 75 as if fully set forth herein.

77. This paragraph states legal conclusions to which no response is required.  To the extent a response is required or the paragraph contains allegations of fact, Government Defendants admit the allegations.

78. This paragraph states legal conclusions to which no response is required. To the extent a response is required or the paragraph contains allegations of fact, Government Defendants admit the allegations.

79. Government Defendants admit that MDOC is a public entity as defined by the ADA, but as to the remaining allegations in this paragraph, Government Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations and therefore deny the allegations.

80. Government Defendants admit that MDOC has contracted with Wellpath, with whom Robert Clinton, M.D., and Nurse Practitioner Liberty are employed. Government Defendants otherwise lack sufficient information or knowledge to form a belief about the truth of the remaining allegations in this paragraph and therefore deny the allegations.

81. Government Defendants deny the allegations in paragraph 81.

82. Government Defendants deny the allegations in paragraph 82.

83. Government Defendants deny that MDOC maintains policies or practices that depart from the provision of appropriate treatment of a serious medical condition on the basis of non-medical considerations. Government Defendants are otherwise without sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

84. Government Defendants deny the allegations in paragraph 84.

**PRAYER FOR RELIEF**

Government Defendants deny that Plaintiff and the members of the alleged Putative Class are entitled to the relief they seek, and Government Defendants request that this Court dismiss the amended complaint, enter judgment in their favor, and award them costs.

**Demand For Jury Trial**

Government Defendants hereby submit this demand for a jury trial on any issue triable by jury pursuant to Fed. R. Civ. P. 38(b).

**Affirmative Defenses**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity, the Eleventh Amendment, or both.

3. Title II of the ADA is not a valid exercise of Congress's authority under section 5 of the Fourteenth Amendment as applied to this case.

4. Plaintiff cannot establish a class action, as this action does not involve common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.

5. Plaintiff cannot fairly and adequately protect the interests of any class in this action.

6. Government Defendants did not violate a clearly established constitutional right of Plaintiff, and Government Defendants are therefore entitled to qualified immunity.

7. Government Defendants did not act with deliberate indifference or any requisite state of mind for any of the alleged constitutional violations.

8. Government Defendants lacked personal or direct involvement in any of the alleged violations of Plaintiff's rights.

9. Plaintiff's claims are barred for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and thus Plaintiff is barred from serving as a class representative.

10. Government Defendants assert each and every defense available under the Americans with Disabilities Act, 42 U.S.C. §§ 12131 eq. seq.

11. Plaintiff and other class members are not qualified individuals with a disability.

12. The Americans with Disabilities Act does not permit recovery against a governmental entity on the basis of vicarious liability.

13. Government Defendants assert all defenses set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

14. Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Government Defendants, but from the conduct or acts of Plaintiff or other persons.

15. The acts or omissions of the Government Defendants alleged to constitute deliberate indifference, cruel and unusual punishment, or a constitutional violation were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

16. Plaintiff has failed to mitigate damages and is therefore barred from recovery against Government Defendants.

17. Plaintiff lacks standing to bring some or all of his claims.

18. Plaintiff is not entitled to declaratory or injunctive relief. Declaratory relief is unavailable to solely have the Court declare that actions of Government Defendants have violated Plaintiff's rights. Injunctive relief is further unavailable where Plaintiff's request for relief is moot.

19. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Government Defendants request Plaintiff's First Amended Complaint be dismissed and judgment be entered in favor of Government Defendants and against Plaintiff, along with costs, attorneys' fees, and expenses, and any other relief deemed necessary.

Respectfully submitted,

| | |
|---|---|
| August 27, 2019 | AARON M. FREY<br>Attorney General<br><br>/s/ Jonathan R. Bolton<br>Jonathan R. Bolton<br>Alisa Ross<br>Assistant Attorneys General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>Tel. (207) 626-8800<br>jonathan.bolton@maine.gov<br>alisa.ross@maine.gov |

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 27, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

 To my knowledge, there are no parties or attorneys participating in this case who are not registered with CM/ECF.

August 27, 2019              /s/ Jonathan R. Bolton
                      JONATHAN R. BOLTON
                      Assistant Attorney General
                      jonathan.bolton@maine.gov